| DISTRICT COURT OF THE VIRGIN ISLANDS |
| :---: |
| DIVISION OF ST. CROIX |

RAHEEM LOUIS,

             **Petitioner,**

   **v.**

UNITED STATES OF AMERICA,

             **Respondent.**

_____

            **1:18-cv-00028**
            **1:11-cr-00023-2**

**TO: Raheem Louis, #08505-094, *Pro Se***
     **USP Lewisburg**
     **U.S. Penitentiary**
     **P.O. Box 1000**
     **Lewisburg, PA 17837**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Order (ECF No. 319) of Chief Judge

Wilma A. Lewis in Criminal No. 11-00023 referring Petitioner Raheem Louis's *pro se*

Motion under 28 U.S.C. § 2255[1] to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody (ECF No. 317) for a report and recommendation. For the reasons that

follow, the undersigned recommends that Raheem Louis's motion be dismissed as

untimely.

### I.      Background

On December 19, 2011, a jury found Raheem Louis (Louis) guilty of carjacking, first

degree robbery, unauthorized use of a vehicle, and possession of stolen property. Jury

---

[1] All citations to the United States Code are to the electronic version that appears in Lexis.

*Louis v. United States*
1:18-cv-00028; 1:11-cr-00023-2
Report and Recommendation
Page 2

Verdict (ECF No. 59). On October 8, 2013, Louis was sentenced to serve 140 months in

prison for the carjacking conviction, 120 months for the robbery conviction, and 60 months

for the unauthorized use of a vehicle conviction all to be served concurrently. Judgment and

Commitment (ECF Nos. 225, 227), entered October 8, 2013. The Third Circuit Court of

Appeals affirmed the judgment and sentence on January 8, 2015. *See United States v. Louis*,

No. 13-4065 (3d Cir. Jan. 8, 2015) (ECF No. 255). Louis did not petition for writ of certiorari

to the United States Supreme Court. Louis filed the instant motion on July 5, 2018. (ECF No.

317).

## II.    Legal Principals

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal

prisoners can challenge their convictions or sentences that are allegedly in violation of the

Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v.*

*United States*, 417 U.S. 333, 343 (1974)).

The Rules Governing Section 2255 Proceedings requires the district court to review

a § 2255 motion and "dismiss the motion" if it "plainly appears from the motion . . . that the

moving party is not entitled to relief." U.S.C. Sec. 2255 Proc R 4.

Pro se pleadings are construed liberally and must be held to "less stringent

standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520

(1972). Nonetheless, "pro se litigants still must allege sufficient facts in their complaints to

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

*Louis v. United States*
1:18-cv-00028; 1:11-cr-00023-2
Report and Recommendation
Page 3

### III.    Discussion

The statute of limitations for § 2255 habeas actions reads:

(f)  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

   (1)  the date on which the judgment of conviction becomes final;

   (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Third Circuit Court of Appeals affirmed Louis's judgment and sentence on January 8, 2015. Louis filed the instant motion on July 5, 2018, nearly three and half years after the time to file a petition for writ to the Supreme Court expired. Consequently, Louis's motion is untimely under section 2255(f). Louis makes no claim for equitable tolling, nor does a liberal reading of his motion find grounds to toll the statute of limitations.

### IV.    Conclusion

Based upon the foregoing, it is hereby

**RECOMMENDED** that Petitioner Raheem Louis's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No.

*Louis v. United States*
1:18-cv-00028; 1:11-cr-00023-2
Report and Recommendation
Page 4

317) be **DISMISSED** as untimely.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

ENTER:

Dated: July 18, 2018

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE