**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **RAHEEM D. LOUIS,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. )<br>_____ ) | **Criminal Action No. 2011-23**<br>**Civil Action No. 2018-0028** |

**Appearances:**
**Raheem D. Louis,** *Pro Se*
Thomson, IL

**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
  *For Respondent*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

  THIS MATTER comes before the Court on Magistrate Judge George W. Cannon, Jr.'s Report and Recommendation ("R&R") (Dkt. No. 320), in which the Magistrate Judge recommends that Petitioner Raheem D. Louis' ("Petitioner") "Affidavit in Support of Writ of Habeas Corpus" ("Petition") (Dkt. No. 317) be denied as untimely. Petitioner has filed Objections to the R&R. (Dkt. Nos. 323, 325). Also before the Court are Petitioner's "Affidavit in Support of Writ of Habeas Corpus" (Dkt. No. 322) and "Amended Habeas Corpus Under Federal Rule of Civil Procedure Rule 15(c)(1)(B)" ("Amended Petition") (Dkt. No. 340). For the reasons that follow, the Court will adopt the Magistrate Judge's R&R as modified herein and deny the Petitions as untimely.

## I.   BACKGROUND

On December 19, 2011, Petitioner was convicted by a jury of Carjacking, in violation of 18 U.S.C. § 2119(1); First Degree Robbery, in violation of 14 V.I.C. §§ 1861 and 1862(2); Unauthorized Use of a Vehicle, in violation of 14 V.I.C. § 1382; and Possession of Stolen Property, in violation of 14 V.I.C. § 2101(a). (Dkt. No. 59). On September 24, 2013, Petitioner was sentenced to 140 months imprisonment for his conviction on Count One, Carjacking (Dkt. No. 225); 120 months imprisonment on Count Four, Robbery in the First Degree; and 60 months imprisonment on Count Seven, Unauthorized Use of a Vehicle (Dkt. No. 227). The sentence for Count Eight, Possession of Stolen Property, was stayed in accordance with 14 V.I.C. § 104. *Id*. The Court ordered that the federal sentence imposed for Count One would be served first, and that the sentences imposed for Counts Four and Seven would be served concurrently with each other and concurrently with Petitioner's federal sentence for Count One. *Id*. On January 8, 2015, a panel of the Third Circuit affirmed the Court's judgment. *United States v. Louis*, 596 F. App'x 167, 174 (3d Cir. 2015).

On June 27, 2018, Petitioner signed the instant Petition, seeking immediate release from imprisonment and arguing, *inter alia*, that there was insufficient evidence to show that he committed a crime and that the District Court of the Virgin Islands lacked jurisdiction over his case. (Dkt. No. 317). In his R&R, Magistrate Judge Cannon recommends that the Petition be denied as untimely. (Dkt. No. 320).

## II.   STANDARD OF REVIEW

Parties may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days

after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). When a party makes a *timely* objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Here, the Magistrate Judge issued his R&R on July 18, 2018. (Dkt. No. 320). While it is unclear when Petitioner received the Magistrate Judge's R&R (Dkt. No. 324), he signed his "Objections to Report and Recommendation of July 18, 2018" (Dkt. No. 323) on July 25, 2018 and the Objections were filed on July 30, 2018—twelve days after the R&R was filed. Thus, Petitioner's Objections (Dkt. No. 323) were made within fourteen days of his receipt of the R&R and are therefore timely. Petitioner also signed other Objections on July 27, 2018 (Dkt. No. 325)—nine days after the R&R was filed—which are therefore also timely. Accordingly, the Court will review the matter *de novo*.

### III. DISCUSSION

Petitioner objects to the Magistrate Judge's recommendation (Dkt. No. 320) that the Court deny the Petition as untimely. (Dkt. Nos. 323, 325). The Court agrees with the Magistrate Judge and will deny the Petition (Dkt. No. 317), as well as the subsequently filed Amended Petition (Dkt. No. 340), as untimely.

The Magistrate Judge properly construed the Petition (Dkt. No. 317) as being made pursuant to 28 U.S.C. § 2255, which is "the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Title 28 U.S.C. § 2255 provides in pertinent part:

3

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Where, as here, a petitioner files a direct appeal but does not file a certiorari petition, the judgment of conviction becomes final for limitations purposes when "the time for seeking [certiorari] review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003); *see also Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1999). Under the Supreme Court Rules, a defendant has 90 days "from the date of entry of the judgment or order sought to be reviewed" to file a petition for a writ of certiorari. U.S. S. Ct. R. 13(1). Here, the Third Circuit affirmed Petitioner's judgment on January 8, 2015. Ninety days from January 8, 2015 is April 8, 2015. However, Petitioner did not sign the instant Petition until June 27, 2018—three years, two months, and nineteen days after the deadline for seeking certiorari had expired. Accordingly, Petitioner signed his Petition well over one year after his judgment of conviction became final.

In his Objections, Petitioner makes various arguments regarding why his Petition should be deemed timely notwithstanding that it was signed over one year after his judgment of conviction became final. (Dkt. Nos. 323, 325). The R&R does not address these arguments because Petitioner did not make them in his Petition. Indeed, in the R&R, the Magistrate Judge states that Petitioner "makes no claim for equitable tolling, nor does a liberal reading of his [Petition] find grounds to toll the statute of limitations." (Dkt. No. 320 at 3).

In *Hunte v. Sup't Benner Twp. SCI*, 2017 WL 3752935 (3d Cir. June 21, 2017), a panel of the Third Circuit denied an application for a certificate of appealability in part because "jurists of

4

reason . . . would not debate whether the District Court was correct to dismiss new claims that [petitioner] raised in his objections to the Magistrate Judge's report and recommendation." *Id*. at *1. In a similar vein, district courts in the Third Circuit have declined to consider new arguments raised for the first time in objections to an R&R. *See, e.g.*, *ECB USA, Inc. v. Savencia*, 2020 WL 5369076, at *3 (D. Del. Sept. 8, 2020) (concluding that it need not address an equitable tolling argument raised for the first time in an objection to a report and recommendation) (citing *Evertz Microsystems Ltd. v. Lawo Inc.*, 2020 WL 4673829, at *2 (D. Del. Aug. 12, 2020) ("The Court will not hear arguments made for the first time in objections to an order when those objections could have (and should have) been made in connection with the motion referred to the Magistrate Judge.")); *Woodward v. Debalso*, 2019 WL 5677700, at *6 (E.D. Pa. Nov. 1, 2019) ("[Petitioner's] objection with regard to his entitlement to equitable tolling raises an entirely new argument, one that was not presented anywhere in his habeas petition or associated documents. Consideration of arguments raised for the first time in an objection to a report [and] recommendation is improper, and such arguments are deemed waived."); *Dixon v. Wenerowicz*, 2017 WL 1405793, at *1 (W.D. Pa. Apr. 18, 2017) ("Because Petitioner failed to raise the argument that he was entitled to statutory tolling [in the petition that the report and recommendation addressed,] the Court will not consider this argument now for the first time raised in Objections.").

In view of the foregoing, the Court need not address the new arguments that Petitioner sets forth in his Objections and the Petition will be denied as untimely. *See Williams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009) (concluding that a district court has discretion not to consider a petitioner's arguments regarding the timeliness of his federal habeas petition when the petitioner

5

raises the timeliness arguments for the first time in his objections to a magistrate judge's report and recommendation).[1]

On November 6, 2018, Petitioner signed the Amended Petition, asserting that it is properly filed under Fed. R. Civ. P. 15(c)(1)(B). (Dkt. No. 340). Pursuant to Fed. R. Civ. P. 15(c)(1)(B), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." Rule 15 applies to § 2255 petitions insofar as "a District Court may, in its discretion, permit an amendment to a petition . . . as long as the petition itself was timely filed . . . ." *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000); *see also Hodge v. United States*, 554 F.3d 372, 377 (3d Cir. 2009). Thus, assuming—without

---

[1] Even if the Court were to consider the new arguments that Petitioner sets forth in his Objections, this would not alter the Court's conclusion regarding the untimeliness of his Petition. Petitioner argues that the statute that he utilizes in his Petition—Hurd's Rev. Stat. Chap. 32—constitutes newly discovered evidence. (Dkt. Nos. 323 at 1-2; 325 at 3). However, in addition to the fact that Petitioner relies on a wholly inapposite Illinois statute, the purported untimely discovery of a statute is insufficient to toll the statute of limitations pursuant to 28 U.S.C. § 2255(f)(4), which is triggered by the late discovery through the exercise of due diligence of *facts*, not *law*. *See United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014). Petitioner also suggests that certain testimony *at his trial* constitutes newly discovered evidence. (Dkt. No. 325 at 4). However, a fact that is known at trial clearly does not constitute newly discovered evidence. *See Sistrunk v. Rozum*, 674 F.3d 181, 189 (3d Cir. 2012). Petitioner's ineffective assistance of counsel argument also fails because he has not met its very high standard. *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) ("[I]n noncapital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling.") (internal citation omitted). Moreover, Petitioner has not been represented by counsel—as evident from his numerous *pro se* filings—since the appeal of his conviction concluded in 2015. Further, Petitioner's claims that he purportedly gave notice of the arguments raised in his Petition by sending letters to his attorney, the Bankruptcy Court, and this Court in 2017 and 2018 (Dkt. No. 323 at 1-2) are both questionable with regard to their substantive merit and would be untimely in any event. Similarly, Petitioner's general assertions that he filed claims in Louisiana and Mississippi in 2016 (Dkt. No. 325 at 1) are equally unavailing. Finally, the "crime fraud exception" which Petitioner references *id*. at 2, relates to an exception to the attorney-client privilege and is inapplicable to the timeliness of his Petition. Accordingly, even if the Court were to consider Petitioner's arguments set forth in his Objections, it would not alter the Court's conclusion that the Petition is untimely.

deciding—that the Amended Petition relates back to the original Petition, it would not remedy the problem here because the original Petition was untimely. Thus, the Amended Petition does not aid Petitioner's cause.

## IV.   CONCLUSION

For the reasons discussed above, the Court will adopt the Magistrate Judge's R&R (Dkt. No. 320) as modified herein and deny the Petition (Dkt. No. 317) and Amended Petition (Dkt. No. 340) as untimely.

An appropriate Order accompanies this Memorandum Opinion.

Date:   February 19, 2021                                   _____/s/_____
                                                            WILMA A. LEWIS
                                                            Chief Judge